IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                      CR. NO. S-06-0312 LKK (GGH)

    vs.                                CR. NO. S-08-0107 LKK (GGH)

KULWANT SINGH GILL,

                                      <u>ORDER</u>

    Defendant.

_____/

*Introduction and Summary*

Defendant sought reconsideration before the undersigned on an initial detention decision in CR-S-08-107, and the United States seeks to revoke the pretrial release order in CR-S-06-312. At hearing on May 15, 2008, the undersigned found that the release order in the 2006 case should be revoked, and ordered the defendant detained.[1] This decision mooted the issue of

---

[1] As set forth <u>infra</u>, revocation of the release order proceeds under 18 U.S.C. § 3148. This statute seeks to have a revocation of a release order heard by the judicial officer who initially ordered the release "to the extent practicable." Two reasons exist why it was not practicable for this revocation proceeding to be heard by Magistrate Judge Mueller, the judge who ordered defendant Gill released nearly two years ago. On the day set for hearing, and indeed throughout most of the week, Judge Mueller was out of the courthouse. Moreover, this district assigns pre-trial criminal duties to the magistrate judges on a duty month basis. This is done so that magistrate judges can schedule their many other appearances, duties, written work, and even free time, such that it is not constantly interrupted with emergent criminal pre-trial hearings. Any

1

reconsideration in the 2008 case.  In so doing, the court expressed its view, subject to change, that defendant posed an economic danger to the community, and could be detained on that basis. At hearing, the parties were invited to file supplementary authority by May 19, 2008 on the issue of whether "economic danger" was a valid consideration when finding a "danger to the community" for detention purposes.

No supplementary authority was filed by the parties.  For the reasons set forth below, the court confirms its initial view and detention decisions.

*Procedural Facts*

On August 3, 2006, defendant Gill was indicted on an alleged wire fraud scheme involving his trucking business.  Pared to its essence, the indictment alleges that Gill would agree with a party to transport freight, but then hire out the actual transportation of goods with another carrier.  According to the indictment, Gill would receive payment from the party whose goods were shipped, but Gill would not pay the carriers who he retained.  Gill appeared on July 14, 2006 and was released on a $200,000 to-be-secured bond and other conditions.  Up until recently, no event occurred which would warrant any change in release status.

However, on March 6, 2008, Gill was indicted, again, for actions performed during the pendency of the 2006 case which mirror in substantial degree the indicted activities in that 2006 case.  Indeed, the Honorable Lawrence Karlton recently consolidated the two cases. Gill was ordered detained in the 2008 case on March 10, 2008.  Gill now brings his motion to reconsider that detention order[2] and the government seeks to have the pretrial release order in the

---

scheduling system other than consolidating the every day criminal pretrial calendar before one judge for a certain period of time is not practicable given the crowded docket of this district. Also, given a counsel's oftentimes multiple appearances on a particular day for purposes of the criminal calendar, it is again not practicable to farm out the appearances to different courtrooms to be held at the same time or a different time.

[2] The March 10, 2008 detention order was expressly made "without prejudice" to its renewal at a later time.  Thus, the present hearing before the undersigned is more properly construed as a renewal of the initial request to be released in the 2008 case than a

2006 case revoked.

*Revocation of the 2006 Release Order*

If a condition of pretrial release has been violated, a request to revoke a release order proceeds not under the initial release detention statute, 18 U.S.C. § 3142, but under 18 U.S.C. § 3148. The standards under each statute are markedly different. While under § 3142, the government bears the burden of proof of showing danger to the community by clear and convincing evidence,[3] the tables are turned when a defendant is accused of violating a condition of release. In pertinent part, § 3148 provides:

> The judicial officer *shall enter* an order of revocation and detention if, after a hearing, the judicial officer--
> (1) finds that there is--
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; *or*
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that--
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; *or*
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
> *If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.* If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

\\\\\

\\\\\

---

"reconsideration" of the initial order. Unless new and material evidence is presented, a second magistrate judge has no authority to reconsider the detention order of the detaining magistrate judge. See 18 U.S.C. § 3142(f).

[3] Preponderance of the evidence for flight risk; clear and convincing evidence for danger to the community.

The statute gives the judicial officer a choice between two alternatives in each subsection (1) and (2).  Thus, if the court has probable cause evidence that a defendant committed a crime while out on release, and the presumption of danger has not been rebutted, a further finding of inability to comply with conditions of release need not be made.  Indeed, once probable cause of a crime is shown, the defendant/releasee is presumed to be a danger to the community.

Gill is incorrect in his argument that the government may not simply rely on the federal indictment to demonstrate that probable cause to commit a crime was committed.  "In order to satisfy the probable cause requirement of § 3148(b)(1)(A), the facts available to the judicial officer must "'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." Gotti, 794 F.2d at 777 (quoting Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983))." United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990).  And every circuit to weigh in on the issue of what establishes probable cause has held that an indictment is sufficient to establish the probable cause necessary.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir. 1991); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986).  See also United States v. Ward, 63 F. Supp. 2d 1203, 1209 (C.D. Cal. 1999); United States v. Chen, 820 F. Supp. 1205, 1207 (N.D. Cal. 1992).  While the cited cases in the preceding sentence arose under the initial detention proceedings statute, 18 U.S.C. § 3142 (the most often litigated issues are litigated under this section), there is no law or logic which would weigh in favor of a different indictment use interpretation for statutes which appear in the same statutory chapter.

The issue subject to some debate in this case is whether "economic" danger can be considered in the danger to the community equation.  For this issue, there is some differentiation in the statutes and case law which superficially supports Gill's argument.  However, on review, Gill's case falls within the post-initial detention rule that economic harm to the community

1  qualifies as a danger.

2  Gill posits the fact that (for the most part) economic crimes will not trigger the
3  danger to the community analysis in initial detention hearings, and that is true.  18 U.S.C. §
4  3142(f).  However, "any felony" as an underlying offense will trigger the danger analysis
5  depending on the defendant's criminal record, § 3142(f)(1)(D).  But in post-initial detention
6  proceedings, the Ninth Circuit has unequivocally ruled that economic harm may be considered as
7  a justification for detaining someone as a danger to the community.

> We agree with the district court that Reynolds has failed to show by clear and convincing evidence that he does not constitute an economic danger to the community. We further hold that danger may, at least in some cases, encompass pecuniary or economic harm. See United States v. Provenzano, 605 F.2d 85, 95 (3rd Cir.1979) (danger not limited to physical harm; the concept includes the opportunity to exercise a substantial and corrupting influence within a labor union); United States v. Parr, 399 F.Supp. 883, 888 (W.D.Tex.1975) (pecuniary harm).

13  United States v. Reynolds, 956 F.2d 192-193 (9th Cir. 1992) (ruling in a bail pending appeal
14  situation *and* a violation of pretrial release situation).  See also, United States v. Zaragoza, 2008
15  WL 686 825 (N.D.Cal. 2008); United States v. Shareef, 907 F. Supp. 1481 (D. Kan. 1995).

16  The correctness of the Reynolds holding is easily seen by reference to the post-
17  initial detention statutes themselves which contain none of the danger limiting language of the
18  initial detention statute, and place a burden of rebuttal on the defendant in matters or pretrial
19  release revocation for violating criminal laws.  See § 3148(b) (violation of criminal law gives rise
20  to a presumption that the defendant is a danger to the community which the defendant must
21  rebut).  And, even if defendant attempts to rebut the presumption with evidence, the presumption
22  remains with appropriate evidentiary force.  See United States v. Cook, 880 F.2d 1158, 1162
23  (10th Cir. 1989) (and cases cited therein).

24  At hearing, defendant did not make any factual proffer to rebut the presumption.
25  He merely discounted the use of an indictment to establish probable cause and argued that he
26  thought additional conditions would protect the community.  Defendant's argument does not

meet the standards of § 3148 which require the pretrial detention of a defendant, having once been released, who commits a crime while out on pretrial release, and who has not *factually* rebutted the presumption.

Moreover, the undersigned finds that, given Gill's criminal record, this last indictment demonstrates that the safety of the community cannot be reasonably assured by further conditions. Gill has been previously convicted of three incidents of cashing insufficient funds checks (two felonies and one misdemeanor); he also presented a false claim in Yuba County for which Gill reports he received probation. Combining in the analysis the past criminal record with the first federal fraud indictment, and now the second federal fraud indictment, the undersigned additionally finds, although by the words of the statute no finding is necessary, that conditions of release are unlikely to deter Gill from further misconduct.

*Conclusion*

Defendant Gill's pretrial release is revoked in CR-S-06-312. The requested reconsideration of detention in CR-S-08-107 is moot, and therefore denied.

DATED: 05/20/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

gill.rea